**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | | |
|---|---|---|
| Lena Jones, | ) | |
| | ) | Civil Action No.: 1:19-cv-03561-JMC |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Andrew Saul, | ) | |
| Commission of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on September 2, 2020. (ECF No. 18.) The Report addresses Plaintiff Lena Jones' ("Plaintiff") claim for disability insurance benefits ("DIB") and recommends that the court affirm the decision of the Commissioner of Social Security Administration ("the Commissioner"). (*Id.* at 1.) For the reasons stated herein, the court **ACCEPTS** the Report (*id.*) and **AFFIRMS** the decision of the Commissioner.

**I.     RELEVANT BACKGROUND**

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (*See* ECF No. 18.) As brief background, Plaintiff filed an application for DIB on January 16, 2017 that was denied initially and on reconsideration. (*Id.* at 2.)

After a hearing was held on August 31, 2018, an administrative law judge ("ALJ") denied Plaintiff's claim in a decision dated December 7, 2018. (*Id.*) Plaintiff's request for the Appeals Council ("Council") to review the ALJ's decision was later denied. (*Id.*) Thus, the ALJ's decision became the final decision of the Commissioner. *Moody v. Chater*, No. 95–1066, 1995 WL 627714,

at *1 (4th Cir. Oct. 26, 1995) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on December 23, 2019. (ECF No. 1.)

In the Report, the Magistrate Judge concluded that substantial evidence supported the ALJ's finding that Plaintiff could perform her past relevant work ("PRW") as a recreation facility attendant. (ECF No. 18 at 44.) The Magistrate Judge then found that "the ALJ considered all relevant evidence, accounted for Plaintiff's credibly-established limitations, and explained how the evidence supported the assessed [residual functional capacity ("RFC").]" (*Id.* at 46.) Specifically, the Magistrate Judge noted that the ALJ appropriately rejected Plaintiff's allegations of additional standing and walking restrictions as inconsistent with the record. (*Id.* at 49.) The Magistrate Judge also determined that the ALJ properly assessed Plaintiff's subjective symptoms by thoroughly summarizing Plaintiff's allegations and explaining that Plaintiff's statements about her subjective symptoms were not entirely consistent with the evidence of record. (*Id.* at 55-60.) As a result, the Report recommended that the court affirm the Commissioner's decision. (*Id.*)

The parties were apprised of their opportunity to file specific objections to the Report on September 2, 2020. (*Id.* at 61.) On September 16, 2020, Plaintiff filed three Objections to the Report. (ECF No. 19.) The Commissioner replied to Plaintiff's Objections on September 24, 2020. (ECF No. 20.)

## II.     STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a

recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III.   ANALYSIS

Plaintiff makes three Objections to the Report. First, Plaintiff contends that the ALJ failed to perform an analysis of her ability to perform her PRW. (ECF No. 19 at 1.) Second, she

3

maintains that the ALJ failed to properly explain the RFC limitations regarding standing and walking.  (*Id.* at 3.)  Finally, Plaintiff asserts that the ALJ's assessment of her subjective symptomology is unsupported by the record.  (*Id.* at 4.)  The Commissioner claims that Plaintiff's Objections should be overruled because they "simply repeat the arguments she made in her initial brief" and were "explicitly considered" by the Report.  (ECF No. 20 at 1, 2.)

"The purpose of magistrate review is to conserve judicial resources."  *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015).  Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court.  *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007).  "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."  *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).  Thus, a *de novo* review is unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report.  *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Christy S. o/b/o A.S. v. Saul*, No. 7:18-CV-00191, 2019 WL 4306978, at *1 (W.D. Va. Sept. 11, 2019) (restating arguments "does not constitute an objection for the purposes of district court review") (citation and internal marks omitted).

Here, the court concludes that Plaintiff's Objections restate arguments adequately addressed by the Report.  (*See* ECF No. 18 at 36-60.)  Moreover, Plaintiff's Objections substantively mirror the arguments raised in prior briefing.  Similarly to Plaintiff's Objections, Plaintiff's Brief argues that (1) the "record fails to establish that Jones would be able to perform the work cited by the ALJ[;]" (2) the "ALJ fails to explain how Jones could occasionally kneel,

4

crouch, and crawl and perform the standing/walking requirements of light work[;]" and (3) the ALJ erred in assessing Plaintiff's subjective symptomology. (ECF No. 13 at 17, 26, 29.)

A *de novo* review is thus unnecessary because Plaintiff has "failed to guide the [c]ourt towards specific issues needing resolution[.]" *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). The court declines to hear Plaintiff's rehashed arguments. *Orpiano*, 687 F.2d at 47. The court finds that the Report adequately addresses Plaintiff's Objections, is well-reasoned, and properly analyzes the issues raised by Plaintiff. *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a Magistrate Judge's report in which the court concurred "with both the reasoning and the result"). Therefore, the court adopts the Report herein and overrules Plaintiff's Objections.

## IV.    CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 18) and incorporates it herein. Accordingly, the court **AFFIRMS** the decision of the Commissioner of Social Security Administration.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 25, 2021
Columbia, South Carolina